1  CDF LABOR LAW LLP
   John R. Giovannone, State Bar No. 239366
2  jgiovannone@cdflaborlaw.com
   Erin A. Owen, State Bar No. 185371
3  eowen@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone: (213) 612-6300
5
   Attorneys for Defendants
6  UNIVERSITY OF SOUTHERN CALIFORNIA
   AND BUTCH PAREDES
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | CYMIA LYNETTE SCOTLYNN ALEXANDER, | Case No. 2:20-cv-11790-JAK (KESx) |
12 | | **STIPULATED PROTECTIVE ORDER** |
   | Plaintiff, | |
13 | vs. | |
14 | UNIVERSITY OF SOUTHERN CALIFORNIA AND BUTCH PAREDES, | |
15 | | |
16 | Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Federal Rules of Civil Procedure and Civil Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1. **Good Cause Statement**. This action is likely to involve: medical records; personnel files; confidential investigation and interview notes, analyses and reports, including but not limited to statements, contact information, personal email addresses and social media "handles", provided by and regarding individuals who are not parties to this litigation; and confidential information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and private information consist of information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as ATTORNEYS EYES ONLY or CONFIDENTIAL for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1. <u>ATTORNEYS EYES ONLY Information</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for heightened protection under Federal Rule of Civil Procedure 26(c).

2.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY".

2.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8. <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL."

2.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

This Order will be entered pursuant to FRCP 26(c) and FRE 502. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel

that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) when feasible to do so. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." After the receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before

producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY AND ATORNEYS' EYES ONLY DESIGNATIONS**

6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" designation at any time. Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation by electing not

to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the designation challenge is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the Challenging Party's notice. In conferring, the Challenging Party must explain the basis for its belief that the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. Unless the Designating Party has waived the confidentiality designation by failing to

file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principals</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d)  the court and its personnel;

   e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL Material must be separately bound by the court reporter and identified as CONFIDENTIAL and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or items designated "ATTORNEYS' EYES ONLY" shall be viewed and disclosed only to counsel for a Receiving Party and shall not be disclosed to the Receiving Party. Plaintiff Cymia Alexander and Butch Parades are prohibited from being provided any copies of, including electronic copies, or information regarding materials designated ATTORNEYS' EYES ONLY. Although counsel for a Receiving Party may discuss, describe and otherwise verbally share the contents, or any portion thereof, of ATTORNEYS' EYES ONLY information with a Receiving Party, the Receiving Party shall not directly view the information, receive a copy of the information, photograph or otherwise copy or memorialize the information, take notes regarding the information or in any manner retain any portion of the information designated ATTORNEYS' EYES ONLY and the Receiving Party shall not disclose, publish, repeat, share, disseminate or use the information designated ATTORNEYS' EYES ONLY in any way whatsoever. Counsel for a Receiving Party may disclose ATTORNEYS' EYES ONLY INFORMATION only to:

a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b) the Receiving Party's In-House Counsel and staff;

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

e) the court, and its personnel;

f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); Pages of transcribed deposition testimony or exhibits to depositions that reveal ATTORNEYS' EYES ONLY Material must be separately bound by the court reporter and identified as ATTORNEYS' EYES ONLY and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information (collectively referred to hereafter as "Documents") against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation, the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

b) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c) If, during the course of this litigation, a Party determines that any Document produced by itself or another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    i.    the Party making the claim of privilege and/or protection may

        notify any Receiving Party of the Party's claim, the applicable bates or hash number(s) of the Document(s) subject to the claim, and the basis for the claim.

    ii.    after being notified, the Receiving Party must promptly acknowledge receipt of the claim, must either promptly return, sequester, or destroy the specified Document and any copies it has; must not use or disclose the Document or any information contained therein until the claim is resolved; must take reasonable steps to both retrieve the Documents information if the Receiving Party further disclosed it or its contents to other persons before being notified; and must notify such additional recipients that the Document and any information contained therein is subject to an unresolved claim of privilege or protection and must not be further used or disclosed.

    iii:    Any Party may promptly present the Document to which a claim of privilege or protection has been made pursuant to this subsection 11(c). to the court under seal for a determination of the claim or until the claim is resolved.

    iv.    The Producing Party must also preserve the Document until the claim is resolved.

    d) The Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected;

    e) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the

Receiving Party of Protected Documents by search terms or other means.

  f) By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502(d) and (e).

## 12. MISCELLANEOUS

  12.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

  12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  12.3. Use of Attorneys' Eyes Only Documents at Deposition. The Parties agree that Attorneys Eyes Only documents shall not be used by the designating party to examine an opposing party unless:

    a. the information contained in the Attorneys' Eyes Only designated document is available from a non-designated document that is produced to the non-designating party or was produced by the non-designating party; or

    b. the examining party withdraws the Attorneys' Eyes Only designation three or more days before the deposition date.

  12.4. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rules, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rules is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.5. Information Security Protections. Any person in possession of another Party's Protected Material shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Material, and protect against unauthorized access to or use of such Protected Material. To the extent a person or Party does not have an information security program, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective actions to terminate the unauthorized access.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the above:

a) Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _August 23, 2021

_____
Attorneys for Plaintiff
Cymia Alexander

1
2  DATED: __August 24, 2021__    _____
3                                 Attorneys for Defendants
                                  University of Southern California and
4                                 Butch Paredes
5
6  PURSUANT TO STIPULATION, IT IS SO ORDERED.
7  DATED: ___August 25, 2021___   _____
8                                 United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2021 in the case of Cymia Lynette Scotlynn Alexander v. University of Southern California, Butch Paredes, et al. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____